UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **RAYMOND NARDO**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HOMEADVISOR, INC.**,<br><br>*Defendant*. | CLASS ACTION<br><br>DEMAND FOR JURY TRIAL<br><br>CASE NO:<br><br>JUDGE: |

## CLASS ACTION COMPLAINT

Plaintiff Raymond Nardo brings this class action against Defendant HomeAdvisor, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant is the world's largest digital marketplace for home services.

3. To market its services, Defendant engages in unsolicited text messaging and violates the TCPA's Do Not Call ("DNC") regulations by placing solicitation calls to individuals who have registered their telephone numbers on the national DNC registry and by continuing to place calls after individuals request to opt out of Defendant's messaging.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

1

the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. Defendant is subject to personal jurisdiction in Colorado because its primary place of business is in Colorado.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Mineola, New York.

9. Defendant is a Delaware corporation with its principal place of business in Denver, Colorado. Defendant directs, markets, and provides its business activities throughout the state of Colorado.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

11.     Between on or about February 2021 and April 2021, Defendant harassed Plaintiff with text message solicitations on Plaintiff's cellular telephone ending in 9996 (the "9996 Number") even after Plaintiff's repeated requests for the messages to stop as depicted below:

> Thanks for using HomeAdvisor! Reply STOP to end. Reply HELP or call 800-266-8722. Msg&data rates may apply.
>
> Hello from HomeAdvisor! Bugs R Us Pe... is interested in your project! View details to accept their invite: http://www.smgc.co/_arEl6Q4h

> Stop texting me

> You will receive no more messages from HomeAdvisor. Reply HELP for help.

> HomeAdvisor. Reply HELP for help.
>
> Fri, Mar 26, 7:50 AM
>
> Hello from HomeAdvisor! Gulf2Bay Sof... is interested in your project! View details to accept their invite: http://www.smgc.co/_nv4Y9Vfl

> Stop

> You will receive no more messages from HomeAdvisor. Reply HELP for help.
>
> Today 3:50 PM
>
> Hi Kimloan- Download the Angi app to see what you should pay for this project in 11501. Get costs now. https://homeadvisor.app.link/zBD3cJQhchb

12. At the time Plaintiff received these calls and messages, Plaintiff was the subscriber and/or sole user of the 9996 Number.

13. Plaintiff primarily uses the 9996 Number as a personal phone.

14. The 9996 Number has been registered with the National Do Not Call Registry since February 20, 2007.

15. Defendant's text messages constitute telemarketing, advertising, or solicitations because they promote Defendant's business, goods and services.

16. Plaintiff has never inquired about or purchased any of Defendant's goods or services.

17. At no point in time did Plaintiff provide Defendant (1) with his contact information, (2) with the 9996 Number, (3) with his prior express consent to be contacted with text messages, or (4) with his prior express written consent to be contacted by telemarketing text messages.

18. As demonstrated above, Plaintiff requested multiple times that Defendant stop contacting the 9996 Number using the "stop" key word provided in the text messages.

19. Notwithstanding, Plaintiff continued to receive unsolicited text messages from Defendant.

20. The failure to stop calling is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

21. Defendant's unsolicited text message caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

23. Plaintiff brings this case on behalf of the Classes defined below:

5

**DO NOT CALL CLASS:** All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services; (5) who did not purchase or transact business with Defendant during the eighteen (18) months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three (3) months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's residential telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant.

24. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and/or in violation of the national DNC. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

   b) Whether Defendant's conduct was knowing and willful;

   c) Whether Defendant initiated telemarketing calls to telephone numbers listed on the National Do Not Call Registry;

   d) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

   e) Whether Defendant is liable for damages, and the amount of such damages; and

   f) Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

34. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-33 as if fully set forth herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

37. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

38. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

39. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf

9

of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

41. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

42. Plaintiff re-alleges and incorporates paragraphs 1-33 as if fully set forth herein.

43. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

44. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

45. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive future calls on their cellular telephone numbers from Defendant.

46. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

47. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

48. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

49. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

50. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

51. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order declaring that Defendant's actions, as set out above, violate the TCPA;

b) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

c) An injunction prohibiting Defendant from initiating calls to telephone numbers listed on the National Do Not Call Registry, requiring Defendant to obtain prior

       express written consent prior to placing telemarketing calls using an ATDS, mandating Defendant to honor opt our requests and maintain an internal Do Not Call list.

d) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: June 22, 2021

                              Respectfully submitted,

                              **HIRALDO P.A.**

**By:**    */s/ Manuel S. Hiraldo*
           Manuel S. Hiraldo, Esq.
           Florida Bar No. 030380
           401 E. Las Olas Boulevard
           Suite 1400
           Ft. Lauderdale, Florida 33301
           mhiraldo@hiraldolaw.com
           (t) 954.400.4713

           Ignacio Hiraldo, Esq.
           **IJH Law**
           1200 Brickell Ave. Suite 1950
           Miami, FL 33131
           E: IJhiraldo@IJhlaw.com
           T: 786-496-4469

           *Attorneys for Plaintiff and the Proposed Class*