**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01709-RM-KLM

RAYMOND NARDO, individually and on behalf of all others similarly situated,

    Plaintiff,

     v.

HOMEADVISOR, INC.,

    Defendant.

## UNOPPOSED RENEWED MOTION TO RESTRICT

Defendant HomeAdvisor, Inc. ("HomeAdvisor" or "Defendant") submits this Unopposed Renewed Motion to Restrict pursuant to D.C.COLO.LCivR 7.2(c) seeking to maintain Level 1 restriction on HomeAdvisor's September 20, 2021 Renewed Motion to Compel Arbitration and Stay Case ("the Motion to Compel") and its exhibits. [Dkt. 39, 39-1 to -5]. A public and minimally redacted version of the Motion to Compel and its exhibits is available at Docket Entry No. 38. Because the currently restricted version of the Motion to Compel contains sensitive personal and business information of no legitimate public interest, continued restriction is appropriate.

**Certificate of Conferral**: Counsel for HomeAdvisor has conferred with counsel for Plaintiff and can state that this Motion is **unopposed**.

### Legal Standard

Courts have "long recognized a common-law right of access to judicial records," but this right "is not absolute." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (citation and quotation omitted). Accordingly, under Local Rule 7.2(c)(1)-(5), a party

seeking to maintain a document as restricted must make a multi-part showing: (1) identify the specific documents for which restriction is sought; (2) identify the interests to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify the injury that would result if access is not restricted; and (4) explain why alternatives to restricted access are not adequate. *All Plastic v. Samdan LLC*, Civil Action No. 20-cv-01318-NYW, 2021 U.S. Dist. LEXIS 136211, at *4 (D. Colo. Apr. 6, 2021).

### The Documents to be Restricted

The first requirement is to specifically identify the documents to be restricted. In this case, HomeAdvisor seeks to maintain Level 1 restriction on six documents: (1) the Motion to Compel [Dkt. 39]; (2) the Gulati Declaration [Dkt. 39-1]; (3) & (4) computer access logs [Dkt. 39-2 and 39-3]; (5) the Weidner Declaration [Dkt. 39-4]; (6) the Rafferty Declaration [Dkt. 39-5]. These documents contain the following sensitive information which is redacted in the public version available at Docket Number 38:

1. **The Motion to Compel** [Dkt. 39]: The Motion to Compel contains two pieces of sensitive information redacted in the public version: a hyperlink to watch a video of Plaintiff's actions on Defendant's affiliate's website and Plaintiff's email, phone number, and address. *Id.* at 7.

2. **The Gulati Declaration** [Dkt. 39-1]: The Gulati Declaration contains Plaintiff's IP address and phone number which are redacted in the public version. *Id.* ¶¶ 7, 12, 17.

3. **The Access Logs** [Dkt. 39-2 and 39-3]: These documents contain Plaintiff's phone number which is displayed on the right-hand side of the Service Request log on the final pages of these entries. These are redacted in the public copy.

4. **The Weidner Declaration** [Dkt. 39-4]: The Weidner Declaration includes Plaintiff's IP address, phone number, email address, and home address. *Id.* ¶¶ 7, 11, 14, 20, 26, 33, 39. These are redacted in the public version.

5. **The Rafferty Declaration** [Dkt. 39-5]: The Rafferty Declaration contains both Plaintiff's personal information and hyperlinks to view recordings of Plaintiff's interactions on Defendant's and its affiliated entities' websites which are redacted in the public filing. *Id.* ¶ 6(a)-(e).

## Analysis

Continued restriction is appropriate in this case because the Rule 7.2(c) factors clearly weigh in favor of restriction.

First, Defendant has specifically identified the documents to be protected.

Second, these documents contain sensitive personal information (for Plaintiff) and sensitive business information (for Defendant). There is a readily apparent interest in keeping one's home address and contact information out of public court filings, and the video links which Defendant has redacted are sensitive because the recordings demonstrate and contain information regarding Defendant's marketing techniques and information capture.

Third, the injury from public disclosure is clear: Plaintiff's personal information would be needlessly exposed and Defendant's marketing techniques exposed, placing it at a competitive disadvantage.

Fourth, Defendant has already pursued alternatives to restriction. Public copies of all of the restricted documents have already been filed with a minimum of redactions. Indeed, the sum total of Defendant's redactions do not amount to a complete, grammatically proper sentence. There is no lesser amount of redaction or restriction that would protect the interests noted above.

In sum, permanent Level 1 restriction for Docket Entry No. 39 and all its exhibits, 39-1 to -5, is appropriate and appropriately balances the public and private interests as set forth in Local Rule 7.2(c). Defendant HomeAdvisor asks that this Court enter an Order directing the Clerk of the Court to permanently maintain Docket Entries 39 and 39-1 to -5 as Level 1 restricted.

DATED: September 27, 2021

/s/ Brent R. Owen
Brent R. Owen, #45068
Squire Patton Boggs (US) LLP
1801 California Street, Suite 4900
Denver, CO 80202
O  303 830 1776
F  303 894 9239
brent.owen@squirepb.com

Eric J. Troutman
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
O   213 624 2500
F   213 623 4581
eric.troutman@squirepb.com

Amy Brown Doolittle
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
O   202 457 6000
F   202 457 6315
amy.doolittle@squirepb.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2021, I electronically filed the foregoing **UNOPPOSED RENEWED MOTION TO RESTRICT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Manuel Santiago Hiraldo
Hiraldo P.A.
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Email: mhiraldo@hiraldolaw.com

*/s/ Brent R. Owen*
Brent R. Owen